IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

PROGRESSIVE SPECIALTY )
INSURANCE COMPANY )
)
    Petitioner, )
)
v. ) Civ. Act. No.: 3:18-cv-775-ECM
) (WO)
)
LG TRUCKING, LLC; GRADY )
HOLMES, JR.; GRADY HOLMES, SR.; )
HOLMES TRANSPORT; ROBERT L. )
ATKIN; and STEVEN BENNETT )
)
    Respondents. )

**MEMORANDUM OPINION and ORDER**

## I.    INTRODUCTION

Petitioner, Progressive Specialty Insurance Company, filed its Complaint for Declaratory Judgment on September 4, 2018. LG Trucking, LLC; Grady Holmes, Jr.; Grady Holmes, Sr.; Holmes Transport; and Robert L. Atkin failed to respond or otherwise appear in this matter.[1] At the Petitioner's request, the Clerk filed an Entry for Default against the non-responsive parties.

This case is now before the Court on the Petitioner's Motion for Entry of Default Judgment against LG Trucking, LLC; Grady Holmes, Jr.; Grady Holmes, Sr.; Holmes Transport; and Robert L. Atkin. (Doc. 30). For the reasons that follow, the Petitioner's

---

[1] Only Steven Bennett filed an answer to the Complaint, and the Court will separately address the Petitioner's Motion for Summary Judgment as to Bennett.

Motion for Default Judgment is due to be granted.

## II. JURISDICTION and VENUE

This Court possesses subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interests and costs, and complete diversity exists between the parties. Personal jurisdiction and venue are uncontested.

## III. DISCUSSION

Federal Rule of Civil Procedure 55 governs the procedure for obtaining a default judgment. A clerk's entry of default must precede an entry of a default judgment. *See* FED.R.CIV.P. 55. When a defendant "has failed to plead or otherwise defend," and the plaintiff demonstrates that failure, the clerk must enter the defendant's default. FED.R.CIV.P. 55(a). After entry of default, the plaintiff "must apply to the court for a default judgment." FED.R.CIV.P. 55(b)(2).

"When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'" *Id*., (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.,* 780 F.3d 1101, 1106 (11th Cir. 2015)). A district may hold a hearing when it needs to conduct an accounting, determine the amount of damages, establish the truth of certain allegations, or investigate any other matter. Fed. R. Civ. Pro. 55(b)(2). "Given its permissive language, Rule 55(b)(2) does not require a damages hearing in every case." *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015). This is particularly true when "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231–32 & n.13 (11th Cir. 2005).

Here, the Clerk has already filed the Entry of Default against the non-responsive parties as required by Rule 55(a) of the Federal Rules of Civil Procedure, and the Petitioner is not seeking to recover any monetary damages or obtain any equitable relief from the Respondents. Rather, the Petitioner seeks a declaration that it does not owe any contractual obligations or benefits to the Respondents as a result of the motor vehicle accident described in the Petitioner's Complaint. Because the Petitioner does not seek to recover damages or any form of equitable relief, the Court finds that a default judgment may be entered without the need for a hearing.

## IV. CONCLUSION

Accordingly, it is ORDERED that the Plaintiff's Motion for Default Judgment (doc. 30 is GRANTED against LG Trucking, LLC; Grady Holmes, Jr.; Grady Holmes, Sr.; Holmes Transport; and Robert L. Atkin. A separate final judgment will be entered.

DONE this 22nd day of November, 2019.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE