IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civ. Act. No.: 3:18-cv-775-ECM (WO) |
| STEVEN BENNETT, | ) ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

Progressive Specialty Insurance Company filed a Complaint for Declaratory Judgment seeking a declaration that it is not liable for insurance coverage for an automobile accident in the underlying state court action.  Now, this case is before the Court on the Petitioner's Motion for Summary Judgment. (Doc. 25).  Steven Bennett, the only party to respond to the Petitioner's Complaint, filed a response stating that he agrees that the Motion for Summary Judgment is due to be granted. (Doc. 29).

## II.  LEGAL STANDARD

A district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion. *U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).  "In addition, so that there can be an effective review of the case on appeal, the district court's order granting summary judgment must 'indicate that the merits of the

motion were addressed.'" *United States v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1102 (11th Cir. 2004) (quoting *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir.1988)). The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted but must ensure that the motion itself is supported by evidentiary materials and must review all of the evidentiary materials submitted in support of the motion for summary judgment. *Id.* at 1101–02.

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, Rule 56(e) of the Federal Rules of Civil Procedure "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. Fed. R. Civ. Pro. 56(e).

### III. DISCUSSION

This dispute arises from a motor vehicle accident that occurred on June 25, 2018, in Russell County, Alabama. Steven Bennett, the driver of one of the vehicles involved, filed suit in state court alleging that Robert Atkin crossed the center line of Alabama Highway and collided with his vehicle. (Doc. 25-1). Robert Atkin was acting in the scope of his

employment as a driver for LG Trucking, LLC at the time of the accident, and LG Trucking owned the 2002 Freightliner truck involved in the accident. (Doc. 25-2 at 2). Progressive provided insurance to LG Trucking and to Holmes Transport, a company that listed LG Trucking as an additional insured on its automobile policy. Progressive then brought this Declaratory Judgment action to resolve whether it is obligated to provide coverage related to this accident.

At the time of the accident, LG Trucking's automobile insurance policy with Progressive only provided for comprehensive and collision coverage, *not* liability coverage. (Doc. 25-3). Grady Holmes, Jr. is the sole member of LG Trucking and his father, Grady Holmes, Sr. operates Holmes Transport as a sole proprietorship. (Doc. 25-13 at 5). Grady Holmes, Sr. and Holmes Transport had a Progressive Insurance Policy that included LG Trucking as an additional insured (Doc. 25-8 at 3) and that policy had additional coverage that included bodily injury and property damage liability coverage of $1,000,000.00 in combined single limit coverage. (Doc. 25-6 at 3). However, the Freightliner truck was never listed as an insured vehicle under either the Progressive policy held by LG Trucking or by Holmes Transport. (Doc. 25-13 at 6, 9). Further, Robert Atkin was not listed as a "rated driver" under either of the two Progressive policies. (Docs 25-13 at 7–9; 25-3 at 2; 25-6 at 2). In listing rated drivers the applicant "declares that no persons other than those listed in this application regularly operate the vehicle(s) described in [the] application." (Docs. 25-3 at 2; 25-6 at 2). Despite this representation, the record reflects that Mr. Atkin regularly drove this vehicle and received at least four traffic citations in the Freightliner truck in approximately a four-month time period. (Doc. 25-15).

Progressive asserts that because the accident involved a non-rated driver who regularly operated a vehicle that was not insured under the relevant policies, it does not owe any coverage under either policy. Progressive further asserts that the fact that LG Trucking did not purchase liability coverage serves as an independent reason to deny coverage under the LG Trucking policy.

Under Alabama law, the party seeking coverage bears the burden of demonstrating that a claim falls within the insurance policy. *See*, *Jordan v. Nat'l Acc. Ins. Underwriter Inc.,* 992 F.2d 732, 735 (11th Cir. 1991); *see also Colonial Life & Accident Ins. Co. v. Collins,* 280 Ala. 373, 376, (1967). The insurer, however, has the burden of establishing an exclusion that eliminates or precludes coverage for the claim. *Id.*

By failing to file any evidence in response to the Motion for Summary Judgment, the Respondent has failed to meet his burden to demonstrate that coverage should apply. The Petitioner has supported its motion with relevant evidentiary materials, including requests for admission, deposition transcripts, and insurance documents that establish that neither the subject vehicle nor the driver were covered by any of the potentially relevant insurance policies. The Petitioner further established that, in any event, LG Trucking did not purchase liability coverage, providing another independent reason for denying coverage in this case. The Court has reviewed these submissions and finds no question of fact as to any material issue raised by the Petitioner as a ground for summary judgment.

## IV. CONCLUSION

Accordingly, it is hereby ORDERED that the Motion for Summary Judgment (Doc. 25) is GRANTED and judgment is granted in favor of the Petitioner and against Respondent Steven Bennett. A separate final judgment will be entered.

DONE this 22nd day of November, 2019.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE